## UNITED STATES v. ASHCROFT MFG. CO.

(Circuit Court of Appeals, Second Circuit.    February 8, 1910.)

No. 144 (2,041).

CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—PRISMATIC GLASS.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 110, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635), the provision for strips of glass ground or polished to "prismatic form" is not limited to strips so ground that a side in itself forms a prism, but includes also strips that fulfill the functions of a prism, as where there are ground in one side fine parallel longitudinal incisions forming prisms.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 25.*]

Appeal from the Circuit Court of the United States for the District of Connecticut.

For decision below, see 172 Fed. 449, which affirmed a decision by the Board of General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of Bridgeport.

The merchandise in question consists of articles of glass which are designated in the record as "prismatic gauge glasses." They are about 5¼ inches long, 1½ inches wide, and five-eighths of an inch thick. The edges are ground, and one side is plain and polished. The reverse side is also polished, and contains fine parallel longitudinal incisions for prisms. These articles are used as parts of water gauges on steam boilers. The side having the incision is placed against a dark background, and as water rises in the spaces formed by the incisions it shows black, and its level is clearly indicated. The refraction of the light by the prisms is different when the spaces are filled with air and when they are filled with water.

The collector assessed the articles under paragraph 100 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633]), which reads as follows:

"100. Glass bottles, decanters, or other vessels, or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grindings as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

The Board of General Appraisers overruled the collector, and assessed the articles under paragraph 110 of said act, which reads as follows:

"110. Strips of glass, not more than three inches wide, ground or polished on one or both sides to a cylindrical or prismatic form, and glass slides for magic lanterns, forty-five per centum ad valorem."

The Circuit Court affirmed the action of the Board of General Appraisers, and the government has appealed to this court.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (John A. Kemp, Asst. Atty., of counsel), for the United States.

McLaughlin, Russell, Coe & Sprague (Frederick C. McLaughlin, of counsel, and Edward P. Sharretts, on the brief), for the importers.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The article in question is a "strip" of glass. It is "a narrow piece comparatively long." Standard Dictionary. While not so ground that any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sides in themselves form a prism, yet one side is so ground that prismatic forms are produced upon it. The strip of glass, though not a prism, fulfills the functions of one. That is its essential feature. As, then, this article is a strip of glass ground so as to constitute a prism and possesses optical properties, we think that it is more specifically described in paragraph 110, which is among the paragraphs relating to glass articles possessing such properties, than it is in paragraph 100, which would include it only because it is ground glass.

The decision of the Circuit Court is affirmed.